# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:07cr75 |
| | § | (Judge Schell) |
| JONATHAN MICHAEL EARNHART | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 8, 2013, and November 25, 2013, to determine whether Defendant violated his supervised release.

On July 10, 2008, Defendant was sentenced by the Honorable Richard A. Schell for the offense of Conspiracy to Transport Stolen Goods (Count One) and Operating a Chop Shop (Count Nine). Defendant was sentenced to forty-eight (48) months' imprisonment to run concurrently followed by a term of supervised release of three (3) years. On March 24, 2011, Defendant completed his period of imprisonment and began his supervised release term.

On August 8, 2013, the U.S. Probation Officer executed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following mandatory condition: the Defendant shall not commit another federal, state, or local crime. The petition also alleged violations of the following standard conditions: (1) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; and (2) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. The petition also alleged violations of the following special condition: the defendant shall provide the probation officer with access to any requested financial

information for purposes of monitoring restitution payments.

Defendant entered a plea of "not true." The Government offered into evidence the testimony of U.S. Probation Officer Jansen Kitchens. Defendant testified. The testimony of the witnesses established by a preponderance of the evidence that Defendant violated all allegations contained in the petition.

The Court finds the guideline range in this case is imprisonment for twelve to eighteen months. The probation officer recommended twelve months of imprisonment with twenty-four months of supervised release to follow.

## **RECOMMENDATION**

The Court finds that Defendant has violated his conditions of his supervised release. Based upon these violations, the Court recommends that Defendant's supervised release should be revoked. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months followed by twenty-four (24) months of supervised release.

The Court further recommends the following conditions:

Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall comply with the standard conditions that have been adopted by the Court, and shall comply with the following additional conditions:

The defendant shall pay any financial penalty that is imposed by this judgment, and that remains unpaid at the commencement of the term of supervised release.

The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring his ability to make restitution payments and maintain lawful employment.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full.

The defendant shall not illegally possess a controlled substance, and shall refrain from any unlawful use of a controlled substance.

The Court finds there is a low risk of future substance abuse by the defendant and suspends the requirement that he submit to mandatory drug testing.

It is further ordered that the defendant is to pay restitution totaling $518,691.94 to the victims listed in the "Victim Impact" section of the Presentence Report. The Court orders the restitution payments to begin immediately. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. § 3664(k). Additionally, at least 50% of receipts received from gifts, tax returns, inheritances, bonuses, lawsuit awards, and any other receipt of money (to include, but not limited to, gambling proceeds, lottery winnings, and found money) must be paid toward the unpaid restitution balance within 5 days of receipt. Restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, 1910 ESE Loop 323, #287, Tyler Texas 75701.

After the Court announced the recommended sentence, Defendant executed the consent to revocation of supervised release and waiver of right to be present and speak at sentencing. Defendant and the Government also waived their right to file objections.

**SIGNED this 3rd day of December, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE